UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SPIROFF, | ) | |
| *individually and on behalf of others* | ) | |
| *similarly situated,* | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| SAINT LOUIS COUNTY, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Christopher Spiroff, individually and on behalf of all others similarly situated, and for his Complaint against Defendant Saint Louis County, state and allege as follows:

### Nature of Case

1.      Saint Louis County (hereinafter "Saint Louis County" or "the County") employs Park Rangers in the County's Parks and Recreation Department.  During the relevant time periods preceding this action, the County suffered or permitted these Park Rangers to spend time working without pay.  By virtue of the County's policy and practice, Park Rangers routinely worked shifts that lasted eight and one-half hours, but they were only compensated for eight hours per shift.  While the remaining half-hour of each shift was theoretically reserved for employee meal periods, the Park Rangers' job-related duties, responsibilities and restrictions routinely precluded them from taking an uninterrupted meal period. As a result, Park Rangers performed a significant amount of compensable work without pay.  Plaintiff, on behalf of himself and all others similarly situated, seeks to recover unpaid overtime wages under the Fair

1

Labor Standards Act ("FLSA"), as well as unpaid straight time (gap time) wages under Missouri common law.

## Jurisdiction and Venue

2.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Jurisdiction over the FLSA claims of Plaintiff and other similarly situated Park Rangers is based on 29 U.S.C. § 216(b) and 29 U.S.C. § 1331.

3.      Jurisdiction over Plaintiff's state law claims is based on 28 U.S.C. §§ 1332(d)(2) and/or 1367 and R.S. Mo. § 290.527.

4.      Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Saint Louis County is located in this district and employs Park Rangers to work in this district, and because substantial unlawful conduct giving rise to the claims occurred in this district.

## Parties

5.      Plaintiff Christopher Spiroff has worked for the County as a Park Ranger from May 2001 through present.  Plaintiff Spiroff's consent to join this action is attached hereto as "Exhibit 1."

6.      Plaintiff brings Count I of this lawsuit as a collective action under the FLSA on behalf of himself and all other similarly situated Park Rangers employed by the County at any time between May 10, 2010 and the present.

7.      Plaintiff bring Counts II through IV of this lawsuit as a class action under R.S. Mo. § 290.500 *et seq.* and Fed. R. Civ. Proc. 23 on behalf of himself and all other similarly situated Park Rangers employed by the County at any time between May 10, 2008 and the present.

2

8.     Defendant Saint Louis County, Missouri is a political subdivision of the State of Missouri, exists by reason of the Constitution and Laws of the State of Missouri, and acts under the color of State law.

### General Allegations

9.     During the applicable statutory recovery periods, subject to tolling by agreement of the parties, Plaintiff and other similarly situated Park Rangers have worked overtime hours.

10.    Plaintiff and those similarly situated have routinely performed worked without pay.  Specifically, Plaintiff and those similarly situated regularly worked shifts that lasted eight and one-half hours, but they were only compensated by the County for eight hours per shift.  The unpaid one-half hour of each shift was theoretically reserved for employee meal periods, but the Park Rangers' job-related duties, responsibilities and restrictions routinely precluded them from taking an uninterrupted meal period.  As a result, Park Rangers performed a significant amount of uncompensated work, and were were denied overtime pay in violation of the FLSA and straight-time "gap time" pay in violation of Missouri common law.

11.    Plaintiff and other similarly situated Park Rangers were often unable to take a full, uninterrupted meal period.  Despite this, the County only compensated Plaintiff and those similarly situated for eight hours out of their eight and one-half hour shifts.

12.    The job-related duties, responsibilities and restrictions that contributed to Plaintiff and other similarly situated employees' inability to take a full, uninterrupted meal period included, but were not limited to: constant radio monitoring for calls, responding to emergency calls, responding to non-emergency calls, responding to inquiring/issues raised by the public (which is required by the County's written policy), completing existing assignments, covering for other Park Ranger during staffing shortages, shuffling cars, opening and closing parks,

3

traveling to respond to calls and/or handle assignments, performing dispatch duties, working events, etc.

13.     The County knew or should have known about this policy and practice, and that a substantial amount of such work performed by County Park Rangers was not compensated.

14.     Furthermore, as a result of this work time, many Park Rangers worked in excess of forty hours per week but were not paid overtime at the proper statutory rate.

15.     The deliberate failure of the County to pay Plaintiff and those similarly situated their earned wages and overtime compensation violates the FLSA, the MMWL, and Missouri common law.

16.     Saint Louis County paid Plaintiff and other Park Rangers on an hourly basis, and classified Plaintiff and other Park Rangers as "non-exempt" under the FLSA and the MMWL.

17.     Saint Louis County did not accurately record all time worked by Park Rangers, in that the time they spent working during their meal period time is not reflected in Saint Louis County's timekeeping system and/or records.

18.     The net effect of the policies and practices maintained and administered by the County is that it willfully failed to pay owed wages and willfully failed to keep accurate time records to save payroll costs.  The County thus enjoyed ill-gained profits at the expense of its Park Rangers.

19.     One or more Park Rangers have complained to the County about not being properly compensated for occasions when they did not receive an uninterrupted meal period, and thus the County has been put on notice that it has violated the law.  In March, 2013, the County changed its policies and procedures and began to require Park Rangers to take a 30-minute uninterrupted meal break every shift and to "sign off" of duty using their radio.  Despite being

4

put on notice of its unlawful conduct, and despite changing its policy/practice, the County has failed and refused to pay its Park Rangers back overtime wages owed to them. In fact, the County has retaliated against Plaintiff for his wage-related complaint by giving him a negative performance review.

20.     The County's conduct amounts to a willful violation of the FLSA.

### Collective/Class Allegations

21.     Plaintiff brings this case as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

22.     Plaintiff, individually and on behalf of other similarly situated Park Rangers employed by the County during the time period stated above, seeks relief on a collective basis challenging the County's practice of failing to accurately record, and pay for, all overtime hours worked. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the County's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

23.     Plaintiff brings Counts II through IV as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representative of the following persons:

All current and former Park Rangers employed by the County at any time between May 10, 2008 and the present.

24.     Plaintiff's claims in Counts II through IV seek recovery of unpaid wages for straight-time, "gap time" wages in workweeks in which Plaintiff and those similarly situated worked uncompensated hours but had less than forty total work hours in a given workweek. Plaintiff, on behalf of himself and those similarly situated, also seeks recovery of unpaid wages for all straight time hours above forty total work hours per workweek.

25.    Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

26.    The class satisfies the numerosity standards. The Class consists of at least dozens of persons. As a result, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail and/or other methods.

27.    Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from the County's actions include, without limitation, the following:

> (i)    Whether contracts existed between the County and Class members requiring payment of wages;

> (ii)   Whether the County breached and violated Contracts with Class members by failing to pay wages for time worked;

> (iii)  Whether the County is liable to Class members pursuant to *quantum meruit*; and

> (iv)   Whether the County has been unjustly enriched by its failure to pay Class members for time worked.

28.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

29.    Plaintiff's claims are typical of those of the Class in that Class members have been employed in the same or sufficiently similar Park Ranger positions as Plaintiff, and Plaintiff

and the Class members were subjected to the same unlawful practices.

30.     A class action is the appropriate method for the fair and efficient adjudication of this controversy. The County has acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members creates a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for the County, and/or substantially impairs or impedes the ability of Class members to protect their interests.

31.     Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who are experienced in prosecuting complex wage and hour, employment, and class action litigation.

32.     Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

<u>**Count 1:  Violation of the Fair Labor Standards Act of 1938**</u>

33.     Plaintiff reasserts and re-alleges the allegations set forth above.

34.     At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

7

35.     The FLSA regulates, among other things, the payment of overtime to covered employees.

36.     The County is an employer that is subject to the overtime pay requirements of the FLSA.

37.     The County violated the FLSA by failing to pay overtime to its Park Rangers for all hours worked in excess of forty hours in a work week.

38.     Plaintiff and all similarly situated Park Rangers are victims of a uniform compensation policy.

39.     Plaintiff and all similarly situated Park Rangers are entitled to damages equal to the mandated overtime premium pay for the above-referenced time period because the County acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

40.     The County has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated Park Rangers are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find that the County did not act willfully in failing to pay overtime compensation, Plaintiff and all similarly situated Park Rangers are entitled to an award of prejudgment interest at the applicable legal rate.

41.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by the County from Plaintiff and all similarly situated Park Rangers.  Accordingly, Saint Louis County is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-

judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated Park Rangers demand judgment against Saint Louis County and pray for:  (1) unpaid overtime wages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II – Breach of Contract

42.     Plaintiff reasserts and re-alleges the allegations set forth above.

43.     During times relevant, Plaintiff and all others similarly situated entered into contracts with the County whereby such persons agreed to perform services as part of their employment by the County, and the County agreed to compensate such persons for all such services based upon specified hourly rates of pay (hereinafter "the Contracts").

44.     The County breached and violated the Contracts by failing to pay Plaintiff and all others similarly situated for time worked.

45.     Prior to the County's breach and violation of the Contracts, Plaintiff and all others similarly situated performed their duties under the Contracts.

46.     As a direct result of the County's violations and breaches of the Contracts, as aforesaid, Plaintiff and all others similarly situated have been damaged.

47.     Plaintiff and all similarly situated Park Rangers are entitled to damages equal to all unpaid wages due for the time period stated above.

48.     Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count II of this Complaint, Plaintiff and all similarly situated Park

Rangers demand judgment against Saint Louis County and pray for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

## Count III – Quantum Meruit

49.     Plaintiff reasserts and re-alleges the allegations set forth above.

50.     The County recognized the benefits conferred upon it by Plaintiff and others similarly situated.

51.     The County accepted and retained the benefits under circumstances that would render such retention inequitable.

52.     The County has thereby been unjustly enriched and/or Plaintiff and others similarly situated have been damaged.

53.     The payment requested by Plaintiff and others similarly situated for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality were the services were rendered.

54.     Plaintiff and the Class are entitled to damages equal to all unpaid wages due for the time period stated above.

55.     Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count III of this Complaint, Plaintiff and all similarly situated Park Rangers demand judgment against Saint Louis County and pray for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

## Count IV – Unjust Enrichment

10

56.     Plaintiff reasserts and re-alleges the allegations set forth above.

57.     Plaintiff and others similarly situated conferred benefits on the County, and the County received such benefits conferred upon it by Plaintiff and those similarly situated.

58.     The County appreciated the fact of the benefits.

59.     The County accepted and retained the benefits in circumstances that render such retention inequitable.

60.     The County has thereby been unjustly enriched and/or Plaintiff and others similarly situated have been damaged.

61.     Plaintiff and all similarly situated Park Rangers are entitled to damages equal to all unpaid wages due for the time period stated above.

62.     Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count IV of this Complaint, Plaintiff and all similarly situated Park Rangers demand judgment against Saint Louis County and pray for:  (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

11

Respectfully submitted,

**RIGGAN LAW FIRM, LLC**

/s/ Russell C. Riggan
Russell C. Riggan (#53060MO)
Samuel Moore (#58526MO)
132 West Washington Avenue, Suite 100
Kirkwood, Missouri 63122
Phone:  (314) 835-9100
Fax:  (314) 735-1054
russ@rigganlawfirm.com

*Attorneys for Plaintiff and all those*
*similarly situated*